Junius Amis et al. *v.* Bank of Kentucky.

Upon the dissolution of an injunction, which arrests the execution of a judgment, the judgment cred-
itor is only entitled to interest to the date of the dissolution.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Thos.
N. Pierce*, for plaintiff. *Stockton & Steele*, for defendant and appellant.

Voorhies, J. The defendant obtained a judgment against *Theophilus Free-
man*, for the sum of $1236, with five per cent. interest per annum on $1225,
from the 30th of January, 1844, until paid. A writ of *fieri facias* was issued
on this judgment and levied on two negroes, as the property of *Freeman*. The
plaintiff claimed the ownership of the negroes, and enjoined the sale. The
judgment dissolving his injunction condemned him to pay the defendant "twenty
per cent. damages, and eight per cent. interest, from the 27th of June, 1848,
on the amount of the judgment enjoined, to wit: $1236, and five per cent. from
the 30th of January, 1844, on $1225, &c." On this judgment an execution
was issued, directed to the Sheriff of the Parish of Madison, which was also
enjoined. On its dissolution, the plaintiff, and his sureties on the bond, were
condemned, *in solido*, to pay the defendant the sum of $193 44, as damages,
and eight per cent. interest on $967 44, from the 12th of June, 1850, until
paid.

On the 19th of January, 1852, *Hill, McLean & Co.* paid $1584 16, as the
amount purported to be due on both judgments in the injunction cases, and
were, by reason thereof, specially subrogated to all the rights of the defendant.

Afterwards, the plaintiff and subrogees took a rule on the defendant and
*Robert Mott*, attorney of record, to show cause why the sum of $830, alleged
to have been overpaid by them in error, should not be reimbursed.

From the judgment rendered in favor of the plaintiff and subrogees, making
the rule absolute for the sum of $353 89, the defendant in the rule appealed.

The appellees also complain of an error in the judgment to their prejudice,
and ask us in their answer to amend it so as to allow them the sum of $708.

We consider both judgments in the injunction cases as final and conclusive
between the parties. The correctness of the adjustment made between them
under those judgments, by the Court below, is, therefore, the only matter into
which we can inquire. We think the damages and eight per cent. interest
were properly allowed on the amount due, on the judgment enjoined, including
interest to the 27th June, 1848, to wit: $1505, but that the Court below erred
in computing the interest from that day to the 19th of January, 1852, when
the payment was made. As the judgment was silent on the subject, the inte-
rest should have been computed to the date of the dissolution of the injunction,
to wit: the 10th of April, 1849. In *Brown* v. *Congot*, 8 R. 17, where a similar
question was involved, it was held, in relation to third persons, that the party
was only entitled to interest up to the date of the dissolution of the injunction,
as at that time he would be at liberty to proceed with his execution.

As to the other injunction, the damages and interest allowed by the judg-
ment are clearly specified, and admit of no doubt.

· In relation to the claim set up by the appellant, for costs incurred in the ori-
ginal suit against *Freeman*, for the custody of the negroes under seizure during
the pendency of the injunction suit, we concur in opinion with the Court below,

56

that it was a matter for special damages, which should have been set up and proved on the trial of the injunction suit.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower Court be amended so as to allow the plaintiffs and appellees the sum of five hundred and eighty-six dollars and seventy-two cents, and that, so amended; it be affirmed, with costs in both Courts.